## Hilsee et al. v. Boyd et al.

*Joseph D. Calhoun,* for plaintiffs.

*C. William Kraft, Jr.,* for defendants.

SWENEY, J., March 17, 1949.—Plaintiffs filed a bill in the above case to compel defendants to impress on

each deed for lots in a development known as Forest Park a restriction that not more than one house should be erected on each lot and, further, to enjoin defendants from erecting on nine lots 62 houses. As a consequence of the service of this bill the application for the erection of 62 houses on the nine lots was withdrawn, but, although the bill was indexed as a lis pendens, defendant, Ellwood J. Turner, Jr., continued to sell lots without the restriction as to one house to each lot.

Thereupon, plaintiffs filed an amended bill, which alleges that plaintiffs are lot owners in Forest Park, which is situate in Ridley, Springfield and Upper Darby Townships, this county; that they purchased their properties from a plot plan of "Forest Park" made by G. D. Houtman, C. E., Media, Pa., dated November 1, 1945; that the conveyances were made "according to a Plan of Forest Park made by G. D. Houtman, C. E., Media, Pa., on November 1, 1945", and contain the provision, "Being known as Lot No. — on said plan" and "Under and subject to the provision that not more than one house shall be built on the above described lot or piece of ground"; that said plot plan contains 61 numbered lots of ground, each lot having a frontage of at least 100 feet and a depth of at least 400 feet; that all of plaintiffs purchased from the said plot plan and upon representations by defendant owner, Ellwood J. Turner, Jr., and his duly authorized agents, that the Forest Park development was a high class community project and restricted to one home on each lot as outlined on said plan; that plaintiffs, relying on the representations and restrictions outlined as part of the scheme of the project, have erected substantial homes on their lots; that although the original bill was indexed as a lis pendens, defendant owner, Ellwood J. Turner, Jr., has been selling lots on said tract without inserting the provision as to

single houses on each lot; that prior to the filing of the original bill application was made to the proper authorities of Upper Darby Township by defendant, Tinicum Construction Company for the issuance of building permits for the erection of said 62 houses, which said application has now been withdrawn; that the value of plaintiffs' properties, as well as those of approximately 50 other purchasers, will be greatly depreciated if deeds are executed and delivered by defendant, Ellwood J. Turner, Jr., without the provision that only one house shall be erected on each lot. The amended bill prayed that defendant owner or owners and their successors in title be decreed to hold their title to their lot or lots in Forest Park subject to the provisions that each lot be as described by the Houtman plan and that not more than one house shall be erected on each lot and that defendant owner or owners and their successors in title be enjoined from subdividing Forest Park into smaller lots.

On June 9, 1948, testimony was taken at a hearing of the cause. Certain of the plaintiff-lot owners testified in support of the allegations contained in the amended bill. No testimony was offered by defendants. On February 25, 1949, the chancellor ordered the joinder, as additional parties defendant, of the owners of lot no. 13 in the Forest Park tract. These owners filed answer on March 4, 1949, and join with plaintiffs in the prayers of the amended bill.

This matter is therefore now before the chancellor for adjudication.

Lot no. 13 was the first parcel of this tract conveyed by defendant Turner. In the deed to his grantees, William and Evelyn Feist, no restriction appears. However, the successors in title to the Feists, Martin and Esther Johansen, were joined by court decree as parties defendant and, in their answer, pray for the relief sought by the amended bill.

Subsequent to the conveyance of lot no. 13, defendant Turner made 33 successive conveyances at various dates. The deeds to all of these grantees contain the restriction that no more than one house shall be erected on each lot. This was the state of the record when the original bill was filed and indexed as a lis pendens.

Plaintiffs had discovered that some deeds were being recorded without restriction and that application had been made to Upper Darby Township for the erection of 62 houses on nine lots.

Since the filing of the bill 24 of the remaining 27 lots have been sold. According to stipulation of counsel, filed as part of the record, seven were sold, at various dates, with the restriction; seven were sold, at various dates, with the phrase "under and subject to restrictions of record", (one of the plaintiffs is one of these grantees), and 10 were sold, at various dates, with no restrictions; (three parties plaintiff are owners of three of these lots).

There are two questions before us for decision: (1) What effect, if any, does the filing of the bill as a lis pendens have upon subsequent conveyances?; and (2) Was there such a comprehensive plan of development shown for Forest Park that all lot owners should be bound thereby?

As to the first question, it must be said that the proper indexing of an equity action, as a lis pendens, "is constructive notice to all persons of the matters contained in the proceedings so as aforesaid indexed": Act of June 19, 1913, P. L. 532, sec. 3, 17 PS §1912. See also 1 Standard Pa. Practice 288; Rose Valley Borough v. Rose Valley Acres, 31 D. & C. 261 (1937); Diamond v. Lawrence County, 37 Pa. 353.

If any of the parties, after the lis pendens has become operative, attempts to transfer or encumber the

subject matter of the litigation, the action may proceed without taking any notice whatever of such transfer or encumbrance and the judgment, when entered, may be carried into effect notwithstanding the attempted dealing with the subject matter thereof. 130 A. L. R. 943 (1941) ; 38 C. J. 4; 54 C. J. S. 570.

We are of the opinion that the bill has been properly indexed as a lis pendens in this case and that defendant Ellwood J. Turner, Jr., and his successors in title are bound thereby if plaintiffs have shown a comprehensive plan of development.

The question, then, is whether at that time there was existent such a general plan or neighborhood scheme in connection with the development of the Forest Park tract. We think this question must be answered in the affirmative.

Plaintiffs had the burden of proving the existence of such a general plan or scheme: Ladner et al. v. Siegel et al., 294 Pa. 360, and cases cited. This they have met by showing that defendant, Ellwood J. Turner, Jr., his agents and employes, represented Forest Park to be a high type community with large lot areas as shown on the unrecorded plot plan and that each lot would have the restriction that only one house should be built on each lot. These representations were made by newspaper advertisements, by sales talks of defendant, Turner, and his sales agent, Boyd, to prospective purchasers and, finally, by the insertion in each of the first 34 deeds except one, the restriction in question. In reliance upon these representations, plaintiffs have erected substantial dwellings upon their lots and must be protected: Ladner v. Siegel, supra; McQuade v. Wilcox, 215 Mich. 302, 183 N. W. 771; Sanborn v. McLean, 233 Mich. 227, 206 N. W. 496.